UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| APRIL MCKENZIE-HALL, | ) | CASE NO. 1:21 CV 193 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| BARACK OBAMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* Petitioner April McKenzie-Hall filed a Complaint for a writ of mandamus in the Ohio Supreme Court against former President Barack Obama, former Secretary of State Hillary Clinton, the Federal Bureau of Investigation ("FBI"), and the Cleveland Police in October 2020. In November 2020, Defendants Barack Obama, Hillary Clinton, and the FBI ("Defendants") filed a Notice of Removal in the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1446(d) (ECF No. 1). This case was then transferred to this Court in December 2020. Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 3).

For the reasons that follow, this case is dismissed.

A. Background

Petitioner's complaint consists of numerous rambling and incoherent statements concerning "political-military abuse," "fetal abductions," and "war matters." In a letter to the Clerk of Courts that is attached to her Complaint, Petitioner states that she has been a victim of

a "political-military team's abuse" since childhood; the "team has...manifested their hate towards [her]...; she has been attempting to seek "security assistance" for "fetal abductions" that occurred in Cleveland; and after she wrote a letter to President Barack Obama in 2012, "a mentally-ill file was placed on [her]." ECF No. 2 at PageID ## 22, 23.

The Complaint seeks unintelligible relief, including: "[t]o demand that Obama stop the team he hired to force Jamie. My husband entered an adulterous relationship in order to recover the fetal abduction that the family did to us"; "[t]o ask/demand the White House DC to not keep war money in our loved ones names and to remove war money away from...my husband...I had a fetal abduction done to me in war due to both sets of war money including my own childhood kidnapping that they covered up..."; "[t]o allow surgeons to remove all military deadly and regular medical devices out of families and friends"; "[t]o demand the military not to play with Phlebotomy career..."; "[t]o demand the FBI to get Jamie Mechanic box, all tools, and have legislators acquire a new job as a Title Bureau Outreach Worker, who is also a Notary notarized Mechanic box paid in full..."; "[t]o not allow gangs, witches, famous people and military, politicians to look at my brain"; "[t]o demand immediately the military to stop all brain tech from April and Jamie families, friends to be viewed by people in California, Georgia, Maryland, Florida, Connecticut, Nevada..."; and "[t]o demand the FBI, military (John and Lee Fletcher) Sheriff, all police, Barack Obama and his team, Hilary Clinton and her MOB team, the woman that was in the atty. office and her team, famous people and others to stop all investigations around Jamie and April's families (fetal abducted children unto Adults, especially investigations of wars, financial investigations...), NBA stars getting HIV/AIDS & helicopter crashes, famous rappers being murdered and/or their families or friends & possible robbed, killed, etc..." ECF

-2-

No 2 at PageID ## 24-26.

**B. Law and Analysis**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). A district court may, however, *sua sponte* dismiss a complaint at any time pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction "when the allegations of a Complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (citing *Hagans v. Levin*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)).

In other words, a district court may *sua sponte* dismiss a claim under Rule 12(b)(1) where that claims lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. Under these circumstances, a district court need not provide a plaintiff the opportunity to amend his or her complaint. *Id.* at 479. The Plaintiff has the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

Upon review, the Court finds Petitioner's action must be dismissed for lack of subject matter jurisdiction and pursuant to *Apple v. Glenn*. Even liberally construed, Petitioner's

Complaint does not set forth any plausible federal claim or cause of action, or any intelligible facts as to specific conduct against any defendant in the case. And the only relief sought by the petitioner in the action consists of disjointed and incoherent "demands."

**C. Conclusion**

For the foregoing reasons, Petitioner's claims are dismissed pursuant to *Apple v. Glenn*. Petitioner's claims are so implausible and devoid of merit as to deprive the Court of subject matter jurisdiction. Defendants' Motion to dismiss (ECF No. 3) is therefore denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

                           s/*Dan Aaron Polster*    1/27/2021
                           **DAN AARON POLSTER**
                           **UNITED STATES DISTRICT JUDGE**